# Exhibit A

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM                    INDEX NO. 806341/2017

NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 05/12/2017

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
TURF NATION, INC.                                    **SUMMONS**
3525 Old Dixie Highway, Dalton, GA 30721             Index No.

                    Plaintiff,

vs.

PLATTE RIVER INSURANCE COMPANY
1600 Aspen Commons
Suite 300
Middleton, WI 53562

                    Defendant.

_____

To the above named Defendant:

        YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiff's
attorney, at the address stated below, a written Answer to the attached Complaint.

        If this Summons is served upon you within the State of New York by personal service
you must respond within 20 days after service, not counting the day of service. If this Summons
is not personally delivered to you within the State of New York you must respond within 30 days
after service is completed, as provided by law.

        If you do not respond to the attached Complaint within the applicable time limitation
stated above, Judgment will be taken against you, by default, for the relief demanded in the
Complaint.

        This action is brought in Erie County because of contractual or statutory venue
requirements.

DATED:      Buffalo, New York
            May 12, 2017

                                        GETMAN & BIRYLA, LLP

                                        By: _____

                                        Seth L. Hibbert, Esq.
                                        800 Rand Building
                                        14 Lafayette Square
                                        Buffalo, New York 14203-1995
                                        Tel. (716)853-4340
                                        SHibbert@getmanbiryla.com
                                        *Attorney for Turf Nation, Inc.*

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ERIE
TURF NATION, INC.                                    **COMPLAINT**
3525 Old Dixie Highway, Dalton, GA 30721             Index No.

               Plaintiff,

vs.

PLATTE RIVER INSURANCE COMPANY
1600 Aspen Commons
Suite 300
Middleton, WI 53562

               Defendant[1]

---

       Plaintiff, Turf Nation, Inc. ("***Turf Nation***"), by and through its attorneys, Getman &
Biryla LLP and Alston & Bird LLP, as and for its Complaint against Defendant Platte River
Insurance Company ("***Defendant***"), states and alleges as follows:

## SUMMARY OF ACTION

       1.    In this action, Turf Nation, a manufacturer and supplier of artificial sports turf and
related products and materials (collectively, "***Turf***"), seeks to recover $144,555.59, plus interest
and attorneys' fees, from Defendant, the surety on the Performance and Labor and Material
Payment Bond number 41328330 dated July 12, 2016 (the "***Bond***"). Pursuant to a contract
between Turf Nation and UBU Sports, Inc. ("***UBU***"), Turf Nation furnished Turf to a project
referred to in the Bond as the "Ralph Wilson Stadium 2016 – Adpro Field House Playing Surface
Replacement (the "***Project***"). Turf Nation has not been paid the $144,555.59 owed to it by UBU
for the Turf supplied by Turf Nation to the Project, and Defendant has failed to pay Turf Nation
such amounts despite Turf Nation providing Defendant with timely notice of its claim under the

---

[1] Between the spring and fall of 2016, Turf Nation shipped significant quantities of Turf to UBU,
which Turf UBU installed at various projects located throughout the United States, including the
Project which is the subject of the Complaint. As of the filing of this Complaint, UBU owes
Turf Nation over $3 million for Turf supplied by Turf Nation to UBU. The majority of the
amounts owed by UBU to Turf Nation are outside the scope of this action. Turf Nation has not
named UBU as a defendant in this action to avoid duplicative litigation. Turf Nation has already
initiated litigation against UBU in Delaware (Superior Court C.A. No. N17C-01-271 EMD
[CCLD]), which action, among other things, seeks to collect from UBU all unpaid amounts owed
by UBU to Turf Nation for Turf supplied by Turf Nation to UBU, including the unpaid amounts
owed to Turf Nation for Turf supplied to the Project.

Bond and repeatedly demanding payment from Defendant. Given Defendant's failure to pay Turf Nation the amounts owed to it under the Bond despite the Defendant having no colorable defense to Turf Nation's claim, Turf Nation has been forced to commence this action to collect the amounts rightfully due and owing to it under the Bond.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Turf Nation is a Delaware corporation with its principal place of business located in Dalton, Georgia.

3. Defendant Platte River Insurance Company is a Nebraska corporation with its principal office address located, upon information and belief, at 1600 Aspen Commons. Suite 300, Middleton, WI 53562.

4. Upon information and belief, at all times relevant to the Complaint. Defendant was and is a foreign corporation authorized to transact business in the State of New York including, but not limited to, the issuance of payment bonds for public improvements.

5. Venue is proper in this Court because the Project is located in the County of Erie. New York.

6. This Court has jurisdiction over Defendant because, among other reasons. Defendant transacted business and supplied services in New York by executing and issuing the Bond with respect to the Project located in the County of Erie, New York.

## FACTUAL BACKGROUND

7. Upon information and belief, on or around June 6, 2016, UBU, as general contractor, entered into a construction contract with the County of Erie Department of Public Works to install Turf at the Project, which is located in Orchard Park, New York.

8. Upon information and belief, the Project is owned by the County of Erie. New York, and is therefore a public improvement under N.Y. FIN. LAW § 137.

9. On or around July 12, 2016, UBU and Defendant executed the Bond, a true and correct copy of which is attached hereto as Exhibit A. Pursuant to the terms of the Bond, material suppliers who are not timely paid for materials supplied to the Project have a direct right of action against Defendant for the amounts owed to such suppliers for materials supplied to the Project. *See* Exhibit A.

10. On or around July 9, 2016, UBU ordered the Turf to be installed by UBU at the Project from Turf Nation via a purchase order dated July 15, 2016, a true and correct copy of which is attached hereto as Exhibit B (the "***Purchase Order***").

2

11.     Turf Nation manufactured the Turf ordered by UBU via the Purchase Order and shipped such Turf to UBU on or around July 19, 2016, as evidenced by a bill of lading, a true and correct copy of which is attached hereto as Exhibit C.

12.     Turf Nation billed UBU $144,555.49 (the "*Amounts Owed*") for the Turf furnished by Turf Nation for the Project via an invoice dated July 24, 2016, a true and correct copy of which is attached hereto as Exhibit D (the "*Invoice*"). The amounts owed to Turf Nation under the Invoice were due by no later than August 24, 2016. *See* Exhibit D.

13.     The Purchase Order and Invoice, among other things, represent a valid and enforceable contract between Turf Nation and UBU supported by adequate consideration.

14.     Upon information and belief, UBU installed all of the Turf furnished by Turf Nation pursuant to the Purchase Order and Invoice at the Project, and such Turf was incorporated into and made part of the Project and the work performed by UBU at the Project.

15.     Despite repeated demands by Turf Nation to UBU for payment of the amounts owed by UBU to Turf Nation with respect to the Project, Turf Nation has not been paid in whole or in part for the Turf it furnished to the Project.

16.     On December 27, 2016, Turf Nation provided the Defendant with written notice of its claim for the Amounts Owed under the Bond (the "*Bond Claim*"). A true and correct copy of the Bond Claim is attached hereto as Exhibit E.

17.     On February 10, 2017, in response to a request from the Defendant, Turf Nation provided the Defendant with a sworn proof of claim for the Amounts Owed, along with supporting documentation to support such claim.

18.     On April 7, 2017, Defendant sent Turf Nation a letter which stated that UBU disputed Turf Nation's claim and provided the Defendant with a wire confirmation of a payment from UBU to Turf Nation on or around September 14, 2016.

19.     On April 19, 2017, Turf Nation responded to Defendant's letter from April 7 (the "*April 19 Response*"). The April 19 Response explained that Turf Nation did receive a payment from UBU on September 14, 2016, but that the September 14 payment was applied to UBU's earliest outstanding invoices with Turf Nation (which did not correspond to the Project) pursuant to a longstanding agreement between Turf Nation and UBU to apply payments received by Turf Nation from UBU to the oldest outstanding invoices on UBU's account.

20.     In connection with the April 19 Response, Turf Nation provided the Defendant with email correspondence which showed that Turf Nation confirmed to UBU receipt of the September 14 payment and specified the invoices with respect to which the September 14 payment was applied (UBU's oldest outstanding invoices, none of which corresponded to the Project).

3

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM
Case 1:17-cv-00534-LJV-LGF Document 1-1 Filed 06/14/17 Page 6 of 25 INDEX NO. 806341/2017

NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 05/12/2017

21.     The April 19 Response further demanded that the Defendant pay Turf Nation the Amounts Owed in full by no later than May 3, 2017.

22.     Despite that (1) Defendant has been on notice of Turf Nation's claim on the Bond since no later than December 2016; and (2) Defendant has articulated no colorable defense whatsoever to Turf Nation's claim, Defendant ignored the April 19 Response and has not paid Turf Nation the Amounts Owed.

23.     As of the date of the filing of the Complaint, the Amounts Owed are currently due and owing to Turf Nation for the materials sold to UBU by Turf Nation. which materials UBU incorporated into the Project.

## CAUSE OF ACTION AGAINST DEFENDANT: ACTION ON BOND

24.     Turf Nation repeats and realleges the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.     As more particularly described in Exhibit A to this Complaint, on or around July 12, 2016, UBU and Defendant executed the Bond, under which UBU is the Principal, Defendant is the Surety, and the County of Erie, State of New York is the Obligee.

26.     Under the Bond, Defendant is obligated to pay all amounts owed to material suppliers to the Project who are not timely paid for materials supplied to the Project and incorporated therein, when such material suppliers make a timely claim on the Bond.

27.     Turf Nation supplied Turf to the Project on or around July 19, 2016 pursuant to a direct contract with UBU, the Principal on the Bond.

28.     The Turf furnished by Turf Nation for the Project was delivered in the furtherance of UBU's obligation to complete the Project under its contract with the County of Erie, State of New York.

29.     The Turf furnished by Turf Nation to and for the Project was necessary for the performance of the contract entered into by UBU and the County of Erie, State of New York with respect to the Project, and the same was furnished for said performance of work on the Project and was duly accepted by the County of Erie, State of New York and incorporated by UBU into the Project.

30.     The amount of $144,555.49 is currently due and owing to Turf Nation for the Turf furnished by it to the Project.

31.     Despite due demand upon both UBU and Defendant. Turf Nation has not been paid in whole or in part for the Turf furnished by it to the Project.

32.     On or around December 27, 2016, Turf Nation filed the Bond Claim with the Defendant. *See* Exhibit E.

4

33.     As a supplier of Turf which was incorporated into the Project who has made a timely claim on the Bond, Turf Nation is a valid claimant under the Bond.

34.     This action is timely, and Turf Nation has complied with all conditions under the Bond and N.Y. FIN. LAW § 137 to be granted the relief requested by Turf Nation in this Complaint.

35.     Despite repeated demand by Turf Nation to both UBU and Defendant, no portion of the Amounts Owed have been paid to Turf Nation.

36.     Defendant liable to Turf Nation under N.Y. FIN. LAW § 137(c) and N.Y. C.P.L.R. § 5004 for interest on the Amounts Owed at the rate of 9% per annum, which interest accrues from the date Turf Nation filed the Bond Claim, December 27, 2016.

37.     Further, the Court should award Turf Nation its reasonable attorney's fees incurred in prosecuting this action pursuant to N.Y. FIN. LAW § 137(c) because Defendant has offered no defense to payment of Turf Nation's claim on the Bond which has a substantial basis in law or fact, and Defendant has been on notice of Turf Nation's claim since December 2016.

38.     By reason of the foregoing, Defendant is obligated to Turf Nation under the Bond in the amount of $144,555.49, plus interest at the rate of 9% per annum and Turf Nation's reasonable attorneys' fees incurred in prosecuting this action.

## REQUEST FOR RELIEF

WHEREFORE, Turf Nation hereby respectfully requests the entry of a final judgment against Defendant and in favor of Turf Nation and an award of damages in favor of Turf Nation in the amount of $144,555.49, plus interest at the rate of 9% per annum and Turf Nation's reasonable attorneys' fees incurred in prosecuting this action.

[SIGNATURE ON FOLLOWING PAGE]

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM                    INDEX NO. 806341/2017

NYSCEF DOC. NO. 1                                                 RECEIVED NYSCEF: 05/12/2017

DATED:      Buffalo, New York
            May 12, 2017

GETMAN & BIRYLA, LLP

*[signature]*

Seth L. Hibbert, Esq.
800 Rand Building
14 Lafayette Square
Buffalo, New York 14203-1995
Tel. (716)853-4340
SHibbert@getmanbiryla.com

6

## VERIFICATION

PROVINCE OF ONTARIO
COUNTY OF NIAGARA : SS.

I, Sid Nicholls, being duly sworn, depose and say that I am the Chief Executive Officer, Chief Financial Officer and Secretary of Turf Nation, Inc. ("Turf Nation"), and have personal knowledge of the matters set forth in the foregoing Complaint. I have read the foregoing Complaint, and the facts and allegations set forth by Turf Nation therein are true and correct. except as to those matters therein stated to be alleged upon information and belief. and as to those matters I believe to be true based on my knowledge.

This verification is made by me because Turf Nation is a corporation. and I am its principal. The grounds of my knowledge with respect to the facts and allegations set forth in the Complaint are my knowledge as principal of Turf Nation, investigations which I have made and have caused to be made concerning the subject matter of the Complaint, and information acquired by me from the books and records of Turf Nation and in the ordinary course of Turf Nation's business.

TURF NATION, INC.

By: _____

Sid Nicholls, CEO, CFO, Secretary

Sworn and subscribed before me is _//_ day of May, 2017.

Notary Public
My commission expires:

Case 1:17-cv-00534-LJV-LGF Document 1-1 Filed 06/14/17 Page 10 of 25

# EXHIBIT A

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM
Case 1:17-cv-00534-LJV-LGF Document 1-1 Filed 06/14/17 Page 11 of 25
INDEX NO. 806341/2017

NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 05/12/2017

**COUNTY OF ERIE DEPARTMENT OF PUBLIC WORKS
OFFICE OF THE COMMISSIONER**
BOND NO. 41328330

## PERFORMANCE AND LABOR AND MATERIAL PAYMENT BOND

PROJECT No. __JZ-16-04__

KNOW ALL MEN BY THESE PRESENTS, That we, __UBU SPORTS, INC.__

of __3110 Woodcreek Drive, Downers Grove, IL 60515__ (hereinafter called Principal)

and the __PLATTE RIVER INSURANCE COMPANY__ a corporation of the State of __NE__

having its principal office in the City of __Middleton__ and authorized to do business in the State of

New York (hereinafter called Surety) and held and firmly bound unto the County of Erie, State of New York

(hereinafter called Obligee), in the amount of __Two Hundred Sixty Four Thousand Three Hundred Thirteen and 00/100__

($__264,313.00__) Dollars, lawful money of the United States of America, for the payment of which the

Principal and the Surety hereby bind themselves, their heirs, executors, administrators, successors and assigns

jointly and severally, firmly by these presents.

WHEREAS, the above bounden Principal has by written agreement dated __June 6-th__ 20 16 entered into

a contract with the Obligee for $__264,313.00__ which contract and documents included therein by

reference made a part hereof (hereinafter called Contract), covering the following project, House Artificial Playing Surface Replacement

NOW, THEREFORE, the condition of this obligation is such that if the Principal shall:

1.  Well and truly perform and fulfill all the undertakings, covenants, terms, conditions, and agreements of said
    Contract during the original term of said Contract and any extensions thereof that may be granted by the
    Obligee, with or without notice to the Surety, and during the life of any guarantee required under the
    Contract, and shall also well and truly perform and fulfill all the undertakings, covenants, terms, conditions
    and agreements of any and all modifications of said Contract that may hereafter be made, with or
    without notice to the Surety.

2.  Promptly make payment to all persons having a direct contract with the Principal or with a subcontractor of
    the Principal supplying labor and material in the prosecution of the work provided for in said Contract and
    any and all modifications of said Contract that may hereinafter be made, notice of which modifications to
    the Surety being hereby waived; then this obligation shall be void, otherwise to remain in full force and
    effect.

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM       INDEX NO. 806341/2017
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 05/12/2017

**COUNTY OF ERIE DEPARTMENT OF PUBLIC WORKS**
**OFFICE OF THE COMMISSIONER**

PROVIDED, HOWEVER, and this bond is executed and accepted upon the following express conditions.

1. That all persons who have supplied labor and material as aforesaid shall have a direct right of action hereunder against the Principal and the Surety subject, however, to the prior right of the Obligee to recover hereunder on account of any loss or damage caused to it by the failure of the Principal to perform the Contract as aforesaid.

2. The Surety for value received hereby stipulates and agrees, if requested to do so by the Obligee, to fully perform and complete the work and furnish the materials mentioned and described in said contract pursuant to terms, conditions, and covenants thereof, if for any cause said principal fails or neglects to so fully perform said work; the said Surety further agrees to commence said work of completion twenty (20) days after notice thereof from the Obligee.

3. That the Obligee shall notify the Surety by registered letter, addressed and mailed to its Home Office, of any breach of said-Contract within sixty (60) days after such breach shall have come to the knowledge of the Obligee (Owner)

4. That the Surety shall not be liable hereunder for any damage or compensation recoverable under any Workmen's Compensation or Employer's Liability Statute.

5. That no suit, action or proceedings, for loss or damage caused by a breach of any of the conditions of this bond shall be brought against the Surety by the Obligee after one (1) year from the day of final acceptance of the work by the Owner.

6. That no suit, action or proceedings for loss caused by the failure of the Principal to pay all persons supplying labor and material in the prosecution of the work under said Contract shall be brought against the Surety after six (6) months from the day on which final payment of the Contract is made.

Signed, sealed and dated this 12th day of , July          20 16

                                        UBU SPORTS, INC.                        (seal)
                                        (Principal)

PLATTE RIVER INSURANCE COMPANY                                                  (seal)

Derek J. Elston, Attorney-in-Fact          (Principal)


                                        By
                                                                                (seal)
                                        President, Vice President, Secretary-Treasurer
                                                        (Surety)

10/09                                                                           P.B.2

**COUNTY OF ERIE DEPARTMENT OF PUBLIC WORKS
OFFICE OF THE COMMISSIONER**

### INDIVIDUAL ACKNOWLEDGEMENT

State of New York )
County of )
On the ____ day of _____, 20____, before me personally came

_____,
to me known and known to me to be the individual described in and who executed the foregoing
instrument, and he acknowledged to me that he executed the same.

_____
Notary Public

### CORPORATE ACKNOWLEDGEMENT

State of New York )
County of )
On the _13_ day of _Ju/y_, 20_16_, before me personally came
_Joseph Vrankin_
to me known who, being by me duly sworn, did depose and say that he reside(s) in
_Chicago. Illinois_ ; that he is the
_President_ of _UBU Sports Inc_ , the corporation described in and
which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to
said instrument is such corporate seal; that it was so affixed by authority of the board of directors of said
corporation, and that he signed his name thereto by like authority.

_____

> **OFFICIAL SEAL**
> **BRYAN W HAREJ**
> **NOTARY PUBLIC - STATE OF ILLINOIS**
> **MY COMMISSION EXPIRES:08/13/18**

### SURETY ACKNOWLEDGEMENT

State of IL )
County of Cook )
On the _12th_ day of _July_ , 20 _16_ , before me personally came ___Derek J. Elston___ ,
to me known, who, being by me duly sworn, did depose and say that he reside(s) in _Chicago, IL_ ;
that he is the

___Attorney-in-Fact___ of _PLATTE RIVER INSURANCE COMPANY_ , the corporation described in and
which executed the above instrument; that he knows the seal of said corporation; that the seal affixed to
said instrument is such corporate seal; that it was so affixed by authority of the board of directors of said
corporation, and that he signed his name thereto by like authority.

> **OFFICIAL SEAL**
> **A WALTON**
> **NOTARY PUBLIC, STATE OF ILLINOIS**
> **MY COMMISSION EXPIRES 10/21/2017**

_____
A Walton    Notary Public

10/09                                                                          P.B.3

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM
Case 1:17-cv-00534-LJV-LGF Document 1-1 Filed 06/14/17 Page 14 of 25 INDEX NO. 806341/2017

NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 05/12/2017

PLATTE RIVER INSURANCE COMPANY
BALANCE SHEET
June 30, 2015

Admitted Assets

| | |
|---|---:|
| Cash and invested assets | |
| Bonds | $86,309,476 |
| Common stocks | 24,983,320 |
| Cash, cash equivalents and short-term investments | 5,334,528 |
| Total cash and invested assets | 116,627,324 |
| | |
| Investment income due and accrued | 415,079 |
| Uncollected premiums and agents' balances in course of collection | 1,563,470 |
| Deferred premiums, agents' balances and installments booked but deferred and not yet due | 2,629,982 |
| Current federal and foreign income tax recoverable and interest thereon | 2,916 |
| Net deferred tax asset | 1,059,554 |
| Other admitted assets | 4,172 |
| Total admitted assets | $122,302,497 |

Liabilities and Surplus as Regards Policyholders

| | |
|---|---:|
| Liabilities: | |
| Losses | $24,695,251 |
| Reinsurance payable on paid losses and loss adjustment expenses | 1,112,925 |
| Loss adjustment expenses | 4,676,320 |
| Commissions payable, contingent commissions and other similar charges | 350,858 |
| Other expenses (excluding taxes, licenses and fees) | 94,437 |
| Taxes, licenses and fees (excluding federal and foreign income taxes) | 132,905 |
| Unearned premiums | 15,910,522 |
| Ceded reinsurance premiums payable (net of ceding commissions) | 2,821,830 |
| Amounts withheld or retained by company for account of others | 30,500,743 |
| Payable to parent, subsidiaries and affiliates | 48,387 |
| Other liabilities | 873,368 |
| Total liabilities | 80,517,546 |
| | |
| Surplus as regards policyholders: | |
| Common capital stock | 4,800,000 |
| Gross paid in and contributed surplus | 30,739,907 |
| Unassigned funds (surplus) | 6,245,044 |
| Surplus as regards policyholders | 41,784,951 |
| Total liabilities and capital and surplus | $122,302,497 |

I, Stephen J. Sills, CEO and President of Platte River Insurance Company do hereby certify that to the best of my knowledge and belief, the foregoing is a full and true statutory Statement of Admitted Assets and Liabilities, Capital and Surplus of the Operation at June 30, 2015, prepared in conformity with the accounting practices prescribed by the Insurance Department of the State of Nebraska. IN WITNESS WHEREOF, I have set my hand and affixed the seal of the Corporation at Middleton, Wisconsin.

Stephen J. Sills
CEO & President



FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM INDEX NO. 806341/2017

NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 05/12/2017

## PLATTE RIVER INSURANCE COMPANY
## POWER OF ATTORNEY

41328330

KNOW ALL MEN BY THESE PRESENTS, That the PLATTE RIVER INSURANCE COMPANY, a corporation of the State of Nebraska, having its principal offices in the City of Middleton, Wisconsin, does make, constitute and appoint

———— MARCIA K. CESAFSKY; CHRISTOPHER P. TROHA; LINDA M. NAPOLILLO; ANN MARIE MULLINS; DEREK J. ELSTON————

its true and lawful Attorney(s)-in-fact, to make, execute, seal and deliver for and on its behalf, as surety, and as its act and deed, any and all bonds, undertakings and contracts of suretyship, provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

———————————ALL WRITTEN INSTRUMENTS IN AN AMOUNT NOT TO EXCEED:$20,000,000.00———————

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PLATTE RIVER INSURANCE COMPANY at a meeting duly called and held on the 8th day of January, 2002.

"RESOLVED, that the President, and Vice-President, the Secretary or Treasurer, acting individually or otherwise, be and they hereby are granted the power and authorization to appoint by a Power of Attorney for the purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, one or more vice-presidents, assistant secretaries and attorney(s)-in-fact, each appointee to have the powers and duties usual to such offices to the business of the company; the signature of such officers and the seal of the Corporation may be affixed to such power of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Corporation in the future with respect to any bond or undertaking or other writing obligatory in the nature thereof to which it is attached. Any such appointment may be revoked, for cause, or without cause, by any of said officers, at any time."

In connection with obligations in favor of the Florida Department of Transportation only, it is agreed that the power and authority hereby given to the Attorney-in-Fact includes any and all consents for the release of retained percentages and/or final estimates on engineering and construction contracts required by the State of Florida Department of Transportation. It is fully understood that consenting to the State of Florida Department of Transportation making payment of the final estimate to the Contractor and/or its assignee, shall not relieve this surety company of any of its obligations under its bond.

In connection with obligations in favor of the Kentucky Department of Highways only, it is agreed that the power and authority hereby given to the Attorney-in-Fact cannot be modified or revoked unless prior written personal notice of such intent has been given to the Commissioner – Department of Highways of the Commonwealth of Kentucky at least thirty (30) days prior to the modification or revocation.

IN WITNESS WHEREOF, the PLATTE RIVER INSURANCE COMPANY has caused these presents to be signed by its officer undersigned and its corporate seal to be hereto affixed duly attested, this 8th day of February, 2015.

Attest:

_Gary W. Stumper_
Gary W. Stumper
President
Surety & Fidelity Operations

(SEAL)

PLATTE RIVER INSURANCE COMPANY

_Stephen J. Sills_
Stephen J. Sills
CEO & President

STATE OF WISCONSIN } S.S.
COUNTY OF DANE

On the 8th day of February, 2015 before me personally came Stephen J. Stills, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Dane, State of New York; that he is President of PLATTE RIVER INSURANCE COMPANY, the corporation described herein and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

(DANIEL W. KRUEGER)

_Daniel W. Krueger_
Daniel W. Krueger
Notary Public, Dane Co., WI
My Commission Is Permanent

STATE OF WISCONSIN } S.S.
COUNTY OF DANE

CERTIFICATE

I, the undersigned, duly elected to the office stated below, now the incumbent in PLATTE RIVER INSURANCE COMPANY, a Nebraska Corporation, authorized to make this certificate, DO HEREBY CERTIFY that the foregoing attached Power of Attorney remains in full force and has not been revoked; and furthermore, that the Resolution of the Board of Directors, set forth in the Power of Attorney is now in force.

Signed and sealed at the City of Middleton, State of Wisconsin this ___12th___ day of ___July___, 2016.

(SEAL)

_Antonio Celii_
Antonio Celii
Secretary

THIS DOCUMENT IS NOT VALID UNLESS PRINTED ON GREEN SHADED BACKGROUND WITH A RED SERIAL NUMBER IN THE UPPER RIGHT HAND CORNER. IF YOU HAVE ANY QUESTIONS CONCERNING THE AUTHENTICITY OF THIS DOCUMENT CALL, 800-475-4450                              PR-POA (Rev 02-2015)

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM

NYSCEF DOC. NO. 3

INDEX NO. 806341/2017

RECEIVED NYSCEF: 05/12/2017

# EXHIBIT B



3110 Woodcreek Drive
Downers Grove, IL 60515
P: 800-828-8700
F: 888-509-3231

# PURCHASE ORDER

**PURCHASE ORDER No. | PROJECT REFERENCE**

**16-640-110-30**          **Buffalo Bills**

**INVOICE TO: UBU SPORTS INC.**

3110 Woodcreek Drive
Downers Grove, IL 60515
P: 630 740-2168 • F: 888 509-3231

| P.O. DATE | SHIP VIA | F.O.B. | TERMS | REQ. DATE |
|---|---|---|---|---|
| 07/09/2016 | | | | 07/15/2016 |

**VENDOR**
Turf Nation
3525 Old Dixie Hwy.
Dalton, GA 30721
Sid Nicholls

**SHIP TO**
Shipping Arranged by UBU

| QUANTITY | UNIT | DESCRIPTION | UNIT COST | TOTAL |
|---|---|---|---|---|
| 87756 | Sq. Ft. | SM50 FIELD GREEN/LIMEPer Tufting Instructio | $ 1.50 | $ 131,634.00 |
| 1289 | Sq. Ft. | SM50 White Roll J | $ 1.65 | $ 2,126.85 |
| 40 | LBS. | Sewing Thread | $ 17.20 | $ 688.00 |
| 5 | Rolls | 12" Seaming Tape | $ 72.60 | $ 363.00 |
| 1 | Rolls | 60" Seaming Tape | $ 363.00 | $ 363.00 |
| 46 | Pails | Helmitin Adhesive | $ 60.00 | $ 2,760.00 |
| 120 | Rolls | Armour Weld Tape | $ 55.00 | $ 6,600.00 |

|  |  |  | TOTAL | $ 144,534.85 |

AUTHORIZED: _____

NOTE: This purchase order will be deemed as being accepted by the seller unless rejected in writing within five (5) days of the PO date. No substitution of components or materials used by vendors is permissible without prior written consent of Turf Industry Inc.

UC 1501 FRM PO 0515

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM

INDEX NO. 806341/2017

NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 05/12/2017

# EXHIBIT C

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM   INDEX NO. 806341/2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 05/12/2017

**STRAIGHT BILL OF LADING** - SHORT FORM - Shipper Copy

RECEIVED subject to the classifications and tariffs in effect on the date of issue of this Original Bill of Lading

**ADDBAC**

Carrier:

Date: 7/19/2016
Page: 1 of 2

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail, or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of said bill of lading, including those on the attachment thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

TURF NATION
3525 OLD DIXIE HIGHWAY
DALTON, GA 30721

| UBU SPORTS | UBU SPORTS |
|---|---|
| 2110 WOODCREEK DRIVE | 380 MARINE DRIVE |
| DOWNERS GROVE, IL 60515 | CALHOUN, GA 30701 |

MARK HILL          580-919-9658   HOLLIE FREEMAN                706-564-8153

CUST. ORDER#:   16-640-110-30          OUR ORDER#:   1605 REV #2
ROUTE:
Special Instructions:

| | Freight charges are:<br>N/A | Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:<br><br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br><br>(Signature of Consignor) |
|---|---|---|

| DESCRIPTION OF ARTICLES, KIND OF PACKAGE, SPECIAL MARKS AND EXCEPTIONS | | |
|---|---|---|
| 35 ROLL  1605-A1, 1605-A2, 1605-A3, 1605-A4, 1605-A5, 1605-A6, 1605-A7, 1605-A8 | 53010 | 100 |
| 1605-A9, 1605-A10, 1605-A11, 1605-A12, 1605-A13, 1605-A14, 1605-A15 | | |
| 1605-A16, 1605-A17, 1605-A18, 1605-A19, 1605-B1, 1605-C1, 1605-D1, 1605-D2 | | |
| 1605-E1, 1605-F1, 1605-G1, 1605-G2, 1605-H1, 1605-H2, 1605-I1, 1605-I2 | | |
| 1605-J1, 1605-K1, 1605-K2, 1605-L1 | | |
| 46 PAIL  HELMITIN ADHESIVE NON-HAZARDOUS | 1242 | 60 |
| 5 ROLL  12" SEAM TAPE | 60 | 60 |
| 1 ROLL  60" SEAM TAPE | 60 | 60 |
| 1 CASE  SEWING THREAD #42104 (41.20 LBS) | 41.2 | 60 |
| 208 | 54653.2 LBS | TOTALS |

* If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."
NOTE - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby stated by the shipper to be not exceeding
_____ PER _____

* "The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Uniform Freight Classifications."

* Shipper's imprint in lieu if stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

SHIPPER'S CERTIFICATION  This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Per _____

**EMERGENCY RESPONSE NUMBER:**
**CONTACT:**
**REGISTERED COMPANY:**

| SHIPPER: TURF NATION | Received by: UBU SPORTS |
|---|---|
| | Hollie Freeman |
| PER:      HEATHER | Carrier/Driver: ADDBAC |
| Shipper Phone # / Fax # / E-mail | |
| 706-278-4001      706-278-4002 | |

1

Receiving & Carrier Signatures          Date

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM   INDEX NO. 806341/2017

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 05/12/2017

STRAIGHT BILL OF LADING - SHORT FORM - Shipper Copy

RECEIVED subject to the classifications and tariffs in effect on the date of issue of this Original Bill of Lading

**ADDBAC**                                                                Carrier

Date: 7/19/2016

Page: 2 of 2

The property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown) marked, consigned, and destined as indicated below; which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in the Uniform Freight Classification in effect on the date hereof, if this is a rail, or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment. Shipper hereby certifies that he is familiar with all the terms and conditions of said bill of lading, including those on the attachment thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

TURF NATION
3525 OLD DIXIE HIGHWAY
DALTON, GA 30721

| UBU SPORTS<br>2110 WOODCREEK DRIVE<br>DOWNERS GROVE, IL 60515 | UBU SPORTS<br>380 MARINE DRIVE<br>CALHOUN, GA 30701 |
|---|---|

| MARK HILL | 580-919-9658 | HOLLIE FREEMAN | | 706-564-8153 |
|---|---|---|---|---|

CUST. ORDER#:   16-640-110-30

OUR ORDER#:   1605 REV #2

ROUTE:

Special Instructions:

| | Freight charges are:<br>**N/A** | Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:<br><br>The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.<br><br>(Signature of Consignor) |
|---|---|---|

| NO. OF PACKAGE, SPECIAL MARKS AND EXCEPTIONS | WEIGHT | CLASS |
|---|---|---|
| 120 ROLL  ARMOR WELD TAPE | 240 | 60 |

| 208 | | 54653.2 LBS | TOTALS |
|---|---|---|---|

* If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."

NOTE - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby stated by the shipper to be not exceeding

                                        PER

* "The fibre boxes used for this shipment conform to the specifications set forth in the box maker's certificate thereon, and all other requirements of Uniform Freight Classifications."

* Shipper's imprint in lieu of stamp; not a part of bill of lading approved by the Interstate Commerce Commission.

SHIPPER'S CERTIFICATION  This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

Per

| | EMERGENCY RESPONSE NUMBER:<br>CONTACT:<br>REGISTERED COMPANY: |
|---|---|

| SHIPPER: TURF NATION | Received by: UBU SPORTS |
|---|---|
| | Hollie Freeman |
| PER:    HEATHER | Carrier/Driver: ADDBAC |
| Shipper Phone # / Fax # / E-mail | |
| 706-278-4001    706-278-4002 | |
| | Receiving & Carrier Signatures          Date |

**1**

v7.80

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM    INDEX NO. 806341/2017

NYSCEF DOC. NO. 5                                   RECEIVED NYSCEF: 05/12/2017

# EXHIBIT D

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM                    INDEX NO. 806341/2017

NYSCEF DOC. NO. 5                                          RECEIVED NYSCEF: 05/12/2017





# INVOICE

| INVOICE No. | INVOICE DATE | PAGE |
|---|---|---|
| 1659-16 | Jul 24, 2016 | 1 OF 1 |

**BILL TO**
UBU SPORTS INC
3110 WOODCREEK DRIVE
DOWNERS GROVE, IL 60515

**SHIP TO**
PICKED UP BY UBU ON BOL 2027

| CUSTOMER | SHIPPED VIA | TERMS | SHIP DATE | DUE DATE |
|---|---|---|---|---|
| 16-640-110-30 | PICK UP | NET 30 DAYS | Jul 19, 2016 | Aug 24, 2016 |

| QUANTITY | UNIT | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|
| 87,756 | SQ FT | SM-50 FIELD GREEN/LIME GREEN TURF | $1.50 | $131,634.00 |
| 1,289 | SQ FT | SM-50 WHITE ROLL "J" | $1.65 | $2,126.85 |
| 41 | LBS | SEWING THREAD ONE CASE 41.2 LBS | $17.20 | $708.64 |
| 5 | ROLLS | 12" SEAMING TAPE | $72.60 | $363.00 |
| 1 | ROLL | 60" SEAMING TAPE | $363.00 | $363.00 |
| 46 | PAILS | HELMITIN ADHESIVE | $60.00 | $2,760.00 |
| 120 | ROLLS | ARMOUR WELD TAPE | $55.00 | $6,600.00 |

**MAKE CHECKS PAYABLE TO TURF NATION INC.**
REMIT TO: TURF NATION INC.
First Bank of Dalton
PO Box 459, Dalton, Georgia, USA 30722-0459
Attn: Robin Collins
706-226-5377

| | |
|---|---|
| SUB TOTAL | $144,555.49 |
| SALES TAX | |
| FREIGHT | |
| TOTAL | $144,555.49 |

**WIRE TRANSFER INSTRUCTIONS**
Wire funds to: First National Bankers Bank Louisiana
7813 Office Park Blvd., Baton Rouge, LA 70809- ABA #065006495
For Credit to: First Bank of Dalton, Account #061104877
118 N. Hamilton Street, PO Box 459, Dalton GA 30722-0459
For Further Credit to: TURF NATION INC., Account #150012987

**INTERNATIONAL WIRE TRANSFER INSTRUCTIONS**
Wire funds to: Suntrust, 2201 East 3rd Street, Chatanooga TN 37404
SWIFT: SNTRUS3A, Routing #061000104
For Credit to: First Bank of Dalton.
118 N. Hamilton Street, Dalton, GA 30720, Account #23822
For Further Credit to: TURF NATION INC., Account #150012987

# EXHIBIT E

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM INDEX NO. 806341/2017

NYSCEF DOC. NO. 6                                                      RECEIVED NYSCEF: 05/12/2017



GETMAN BIRYLA, LLP

Attorneys and Counselors at Law

Richard J. Biryla
Seth L. Hibbert

Joseph S. Montagnola
Aaron R. Walkow

800 Rand Building
14 Lafayette Square
Buffalo, New York 14203-1995
Tel. No. (716) 853-4340
Fax. (716) 853-4349
www.getmanbiryla.com

Peter L. Costa
Jack L. Getman
(Of Counsel)

Michael K. Bardo
Paralegal

Kathleen M. Biryla
Office Administrator

December 27, 2016

*Via Certified - Return Receipt Requested Mail*

County of Erie
95 Franklin Street
Buffalo, New York 14202
Attn:   Mark Polancarz, County Executive

UBU Sports, Inc.
3110 Woodcreek Drive
Downers Grove, Illinois 60515

County of Erie
95 Franklin Street
Buffalo, New York 14202
Attn:   Stefan Mychajliw, Comptroller

UBU Sports, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

County of Erie
95 Franklin Street
Buffalo, New York 14202
Attn:   John C. Loffredo
          Commissioner of Public Works

Platte River Insurance Company
c/o CAPSpeciality
1600 Aspen Commons
Suite 300
Middleton, Wisconsin 53562-4719

**RE:   Project:**              **Ralph Wilson Stadium ADPRO Field House**
                                   **Artificial Playing Surface Replacement**
**Project #:**                   **JZ-16-04**
**General Contractor:**          **UBU Sports, Inc.**
**Owner:**                       **County of Erie**
**Claimant:**                    **Turf Nation, Inc.**
**Surety:**                      **Platte River Insurance Company**

Gentlemen:

This office represents Turf Nation, Inc. in connection with certain materials furnished consisting of artificial turf, thread, tape and adhesive, together with all necessary and related parts and accessories, at the public improvement project located at Ralph Wilson Stadium ADPRO Field House Artificial Playing Surface Replacement under project number JZ-16-04.

FILED: ERIE COUNTY CLERK 05/12/2017 02:21 PM   INDEX NO. 806341/2017
NYSCEF DOC. NO. 6                                  RECEIVED NYSCEF: 05/12/2017

GETMAN & BIRYLA, LLP

Turf Nation, Inc. has a claim related to the aforementioned project against UBU Sports, Inc. The claimant herein supplied said materials from July 19, 2016 to July 19, 2016. The amount due is $144,555.49, which became due on August 24, 2016 and remains unpaid to date.

May this letter serve as a notice of our client's claim under the Payment Bond associated with this project dated July 12, 2016 in the amount of $144,555.49, issued by Platte River Insurance Company, as surety.

Kindly accept this letter as a claim and provide the undersigned with the appropriate claim documentation to be executed in connection with this matter. Your prompt attention will be greatly appreciated.

Very Truly Yours,

GETMAN & BIRYLA, LLP

Seth L. Hibbert, Esq.

SLH:kmk

H:\Client Matters\Turf Nation\turfnubu bond claim ltr 122716.wpd